# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re:* Z.G., G.G., A.T., & H.T.

No. 12-0881 (Webster County 12-JA-13, 14, 15 & 16)

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel Daniel Grindo, appeals the Circuit Court of Webster County's order entered on July 28, 2012, terminating his parental rights to his children. The guardian ad litem, Michael W. Asbury, Jr., has filed his response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by William Bands, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The abuse and neglect petition in this matter was filed after the birth of twins A.T. and H.T. The petition notes that both Petitioner Father and Respondent Mother have a significant criminal and drug abuse history. The petition further noted that custody of Petitioner Father's two older children was given to the maternal grandparents in January of 2011. Petitioner Father admitted to the allegations in the petition and was adjudicated as abusive and neglectful. During the pendency of the case, Petitioner Father was incarcerated based upon parole violations and he remained incarcerated at disposition. The circuit court terminated his parental rights, finding that he was addicted to drugs for at least the past ten years, that he had a significant criminal history based on his drug abuse, and that he had not participated in a drug rehabilitation program.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's

1

account of the evidence is plausible in light of the record viewed in its entirety."
Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court failed to consider the bond between himself and the children prior to terminating his parental rights. Further, petitioner argues that he was not properly offered services and states that he was likely to be released from incarceration prior to the expiration of an improvement period, had one been granted. Finally, petitioner argues that his termination of parental rights was based in part on not being "required to exhaust every speculative possibility for rehabilitation," but the court failed to make a finding that the welfare of the children would be threatened but for the termination.

The DHHR responds in favor of the termination of parental rights, arguing that petitioner's incarceration time is not yet determined. Thus, the DHHR argues that he cannot participate in any type of improvement period now or in the foreseeable future. The guardian also responds in favor of the termination of parental rights.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. This Court further finds that the circuit court did not base its decision solely on petitioner's incarceration, but also noted his significant criminal history and severe drug addiction.

For the foregoing reasons, the circuit court's order terminating petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II